**Dermott O'SULLIVAN, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 02–3231.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 6, 2003.

Before CLEVENGER, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

Dermott O'Sullivan seeks review of the Final Order of the Merit Systems Protection Board (Board) denying his petition for enforcement of a settlement agreement. *O'Sullivan v. Dep't of Navy*, No. SF–0432–99–0350–C–2, 91 M.S.P.R. 131, 91 M.S.P.R. 131 (M.S.P.B. Feb.14, 2002). This court *affirms*.

I

In its final order of February 14, 2002, the Board denied Mr. O'Sullivan's petition because it presented no new, previously unavailable, evidence. The Board could only grant the petition if new evidence emerged or the administrative judge made a legal error. *See* 5 C.F.R. § 1201.115(d) (2002). In this case, the Board properly denied the petition after determining that neither condition was satisfied.

The settlement agreement relates to earlier complaints by Mr. O'Sullivan to the Equal Employment Opportunity Commission (EEOC) and, on different grounds, an appeal by Mr. O'Sullivan to the Board. During a 1997 reduction in force, the Department of the Navy (Navy) reassigned Mr. O'Sullivan to a different position at the same GS–11 level with no grade reduction or loss of pay. In October 1997, Mr. O'Sullivan's job performance was rated as "minimally successful." In March 1998, Mr. O'Sullivan filed a complaint with the EEOC alleging discrimination. Mr. O'Sullivan subsequently filed two more related EEO complaints.

On April 9, 1999, the Navy terminated Mr. O'Sullivan from his position as a program analyst, GS–11. Mr. O'Sullivan filed a first appeal to the Board regarding his termination. On June 30, 1999, Mr. O'Sullivan and the Navy entered into a settle-

ment agreement resolving that first appeal to the Board. The settlement agreement between Mr. O'Sullivan and the Navy provided that Mr. O'Sullivan would withdraw the appeal to the Board regarding his 1999 removal. In turn, the Navy converted Mr. O'Sullivan's termination to a voluntary retirement, paid Mr. O'Sullivan $4,500, and promised that his EEO complaints would not be affected by the dismissal of his Board appeal. In an initial decision dated June 24, 1999, the Board's administrative judge had found that the settlement agreement was "lawful on its face, that it appears to have been freely reached by the parties, and that the parties understand its terms."

On September 17, 1999, the EEOC returned Mr. O'Sullivan's EEO complaints to the Navy. The EEOC mistakenly identified the complaints as "mixed case complaints" under 29 C.F.R. § 1614.302(a), and stated that the Navy had not followed "mixed case complaint" procedures. *See* 29 C.F.R. §§ 1614.302(b); 1614.302(d)(2) (2002).

On September 30, 2000, Mr. O'Sullivan filed a first petition to the Board to enforce the settlement agreement. On October 16, 2000, the Navy and Mr. O'Sullivan executed a joint stipulation in a letter to the EEOC stating that the EEO complaints were not mixed case complaints because they fell outside the Board's jurisdiction. On November 24, 2000, the administrative judge granted Mr. O'Sullivan's request to withdraw the first petition for enforcement.

On July 25, 2001, Mr. O'Sullivan filed a second petition to the Board seeking enforcement of the settlement agreement, alleging that the Navy violated the settlement agreement because the EEOC failed to grant him a hearing in his EEO complaints.

The Board's initial decision of October 18, 2001, denied Mr. O'Sullivan's second petition for enforcement of the settlement agreement because Mr. O'Sullivan "failed to specifically allege how the dismissal of his Board appeal had any effect whatsoever on the EEOC's processing of his discrimination complaints, or how any such effect could be attributable to any violation of the settlement agreement by the agency."

On February 14, 2002, the Board issued its Final Order rejecting Mr. O'Sullivan's appeal of that initial decision, and his petition for review in this court followed.

II

This court sustains a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the Board's final decision rests on fact-findings supported by substantial evidence, we must accept those found facts as true. *See* 5 U.S.C. § 7703(c) (2000).

In the final order of February 14, 2002, the Board concluded that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. Absent such error or evidence, the Board could not grant Mr. O'Sullivan's request. *See* 5 C.F.R. § 1201.115(d) (2002).

The record shows that the Board's decision is correct. The record contains no new evidence before the Board. The record also shows no error in law or regulation. Mr. O'Sullivan's brief contains no explanation of how the dismissal of his Board appeal affected the EEO proceeding. Mr. O'Sullivan alleged that the Navy did not satisfy procedural requirements for "mixed case complaints" as specified in the EEOC's letter dated September 17, 1999. However, that allegation is groundless be-

cause Mr. O'Sullivan and the Navy executed a joint stipulation on October 16, 2000, stating that Mr. O'Sullivan's complaints were not "mixed case complaints."

Because the Board's final decision rests on correct law and on application of that law to facts for which substantial evidence exists in the record, this court affirms.